UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHIL WARE,

    Plaintiff,                                         Hon. Robert J. Jonker

v.                                                                  Case No. 1:14-cv-1212

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

        This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. Section 405(g) limits the Court to a review of the administrative record, and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. Pursuant to 28 U.S.C. § 636(b)(1)(B), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of social security appeals, the undersigned recommends that the Commissioner's decision be **affirmed**.

## STANDARD OF REVIEW

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984).

As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This

standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

**PROCEDURAL POSTURE**

Plaintiff was 42 years of age on his alleged disability onset date. (Tr. 118). He successfully completed high school and worked previously as a custodian. (Tr. 28). Plaintiff applied for benefits on August 5, 2011, alleging that he had been disabled since November 4, 2004, due to chronic back pain, right rotator cuff tear, torn meniscus of the right knee, left upper extremity pain, depression, and memory/concentration difficulties. (Tr. 118-19, 129). Plaintiff's application was denied, after which time he requested a hearing before an Administrative Law Judge (ALJ). (Tr. 57-117). On January 16, 2013, Plaintiff appeared before ALJ Thomas English with testimony being offered by Plaintiff and a vocational expert. (Tr. 34-50). In a written decision dated February 22, 2013, the ALJ determined that Plaintiff was not disabled. (Tr. 21-29). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. (Tr. 1-5). Plaintiff subsequently initiated this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

Plaintiff's insured status expired on March 31, 2010. (Tr. 23). To be eligible for Disability Insurance Benefits under Title II of the Social Security Act, Plaintiff must establish that he became disabled prior to the expiration of his insured status. *See* 42 U.S.C. § 423; *Moon v. Sullivan*, 923 F.2d 1175, 1182 (6th Cir. 1990).

# RELEVANT MEDICAL HISTORY

On November 4, 2004, Plaintiff fell at work injuring his right shoulder, right knee, and back. (Tr. 181). The results of initial examinations were unremarkable, but Plaintiff was later diagnosed with a right shoulder rotator cuff tear and a right knee meniscus tear. (Tr. 178-79, 212-13).

Plaintiff underwent knee surgery on December 17, 2004. (Tr. 207). A December 29, 2004 examination of Plaintiff's knee revealed that Plaintiff "feels much better" and "is getting along well." (Tr. 211). Treatment notes dated January 19, 2005, indicate that Plaintiff "is doing very well" and should be able to return to "regular activities as tolerated" in a "couple more weeks." (Tr. 210). An April 27, 2005 examination of Plaintiff's knee revealed "no obvious physical findings." (Tr. 207). Plaintiff exhibited "full motion" with "no effusion" and was instructed to continue participation in his exercise program. (Tr. 207). An October 3, 2005 examination of Plaintiff's knee revealed "full range of motion with no effusion." (Tr. 197). X-rays of Plaintiff's knee were "normal." (Tr. 197).

Plaintiff underwent shoulder surgery on January 28, 2005. (Tr. 207). This surgery was successful, but Plaintiff subsequently experienced a re-tear of his supraspinatus tendon for which a second surgical procedure was performed in August 2005. (Tr. 203, 205, 207, 209). Treatment notes dated November 14, 2005, indicate that Plaintiff's shoulder pain "is dramatically improved" and his "range of motion is considerably better." (Tr. 195). Treatment notes dated December 12, 2005, indicate that Plaintiff was "showing significant improvement" and "needs to continue with an aggressive physical therapy program." (Tr. 194). A February 1, 2006 examination of Plaintiff's shoulder revealed that Plaintiff "has essentially full range of motion," but Plaintiff's doctor doubted

that Plaintiff "will ever get to the point where he is lifting 50-pounds over his head on a regular basis." (Tr. 193). An October 29, 2008, examination revealed that Plaintiff was experiencing right shoulder girdle weakness which limited his ability to lift overhead. (Tr. 230-32).

## **ANALYSIS OF THE ALJ'S DECISION**

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining his residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and he can satisfy his burden by demonstrating that his impairments are so severe that he is unable to perform his previous work, and cannot, considering his age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors. (20 C.F.R. §§ 404.1520(d), 416.920(d));

4. If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which his residual functioning capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

The ALJ determined that as of the date Plaintiff's insured status expired, Plaintiff suffered from right shoulder tear of the supraspinatus tendon and some tendonosis of the infraspinatus status post two arthroscopic surgeries, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (Tr. 23-24). With respect to Plaintiff's residual functional capacity, the ALJ determined that through Plaintiff's last date insured, Plaintiff retained the capacity to perform light work subject to the following limitations: (1) with respect to his dominant right upper extremity he is limited to lifting to chest level with no overhead reaching; (2) he retains good hand strength and thus experiences no limitation to feeling, fingering, and handling; and (3) he is able to use his right hand at waist level and move weight with both hands on a supported horizontal surface. (Tr. 24).

The ALJ found that Plaintiff cannot perform his past relevant work at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that a significant number of jobs exist in the national economy which Plaintiff could perform, his limitations notwithstanding. *See Richardson*, 735 F.2d at 964. While the ALJ is not required to question a vocational expert on this issue, "a finding supported by substantial evidence that a claimant has the

vocational qualifications to perform specific jobs" is needed to meet the burden. *O'Banner v. Sec'y of Health and Human Services*, 587 F.2d 321, 323 (6th Cir. 1978) (emphasis added). This standard requires more than mere intuition or conjecture by the ALJ that the claimant can perform specific jobs in the national economy. *See Richardson*, 735 F.2d at 964. Accordingly, ALJs routinely question vocational experts in an attempt to determine whether there exist a significant number of jobs which a particular claimant can perform, his limitations notwithstanding. Such was the case here, as the ALJ questioned a vocational expert.

The vocational expert testified that there existed approximately 27,000 jobs in the lower peninsula of Michigan which an individual with Plaintiff's RFC could perform, such limitations notwithstanding. (Tr. 46-47). This represents a significant number of jobs. *See Born v. Sec'y of Health and Human Services*, 923 F.2d 1168, 1174 (6th Cir. 1990); *Hall v. Bowen*, 837 F.2d 272, 274 (6th Cir. 1988); *Martin v. Commissioner of Social Security*, 170 Fed. Appx. 369, 374 (6th Cir., Mar. 1, 2006). The ALJ concluded, therefore, that Plaintiff was not entitled to disability benefits.

I.     **The ALJ Properly Assessed the Medical Evidence**

On August 24, 2012, Dr. Jonathan Cooper authored a letter concerning Plaintiff's impairments and limitations. (Tr. 306). The ALJ afforded "little weight" to the contents of this letter. (Tr. 27). Plaintiff argues that he is entitled to relief because the ALJ failed to properly evaluate Dr. Cooper's opinion. Plaintiff further argues that he is entitled to relief because the ALJ failed to properly assess the opinion of occupational therapist Thomas Lilley.

A. Dr. Cooper

The doctor authored the aforementioned letter at the behest of Plaintiff's counsel. (Tr. 306). Dr. Cooper stated that as of November 2004, Plaintiff was disabled as that term was defined by counsel.[2] (Tr. 306). The doctor further stated that, "I think it would be very difficult for [Plaintiff] to be employed 5 days a week, eight hours a day and not miss more than two days per month." (Tr. 306). The doctor further speculated that Plaintiff would experience "exacerbations" of his condition which "would definitely" cause Plaintiff to "be off more than 2 days per month." (Tr. 306). Dr. Cooper concluded, however, by stating, "On the flip side of this statement I do believe that [Plaintiff] will continue to improve and have and maintain gainful employment. I would not expect him to be at a high level of physical activity at that job." (Tr. 306).

The treating physician doctrine recognizes that medical professionals who have a long history of caring for a claimant and her maladies generally possess significant insight into her medical condition. *See Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). An ALJ must, therefore, give controlling weight to the opinion of a treating source if: (1) the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and (2) the opinion "is not inconsistent with the other substantial evidence in the case record." *Gayheart v. Commissioner of Social Security*, 710 F.3d 365, 375-76 (6th Cir. 2013) (quoting 20 C.F.R. § 404.1527).

Such deference is appropriate, however, only where the particular opinion "is based upon sufficient medical data." *Miller v. Sec'y of Health and Human Services*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citing *Shavers v. Sec'y of Health and Human Services*, 839 F.2d 232,

---

[2] Dr. Cooper's letter does not suggest how counsel defined the term "disabled." (Tr. 306).

235 n.1 (6th Cir. 1987)). The ALJ may reject the opinion of a treating physician where such is unsupported by the medical record, merely states a conclusion, or is contradicted by substantial medical evidence. *See Cohen*, 964 F.2d at 528; *Miller v. Sec'y of Health and Human Services*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citing *Shavers v. Sec'y of Health and Human Services*, 839 F.2d 232, 235 n.1 (6th Cir. 1987)); *Cutlip v. Sec'y of Health and Human Services*, 25 F.3d 284, 286-87 (6th Cir. 1994).

If an ALJ accords less than controlling weight to a treating source's opinion, the ALJ must "give good reasons" for doing so. *Gayheart*, 710 F.3d at 376. Such reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." This requirement "ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." *Id.* (quoting *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 544 (6th Cir. 2004)). Simply stating that the physician's opinions "are not well-supported by any objective findings and are inconsistent with other credible evidence" is, without more, too "ambiguous" to permit meaningful review of the ALJ's assessment. *Gayheart*, 710 F.3d at 376-77.

The ALJ discounted Dr. Cooper's opinion on the ground that he need not defer to the doctor's conclusion that Plaintiff was "disabled." (Tr. 27). The ALJ further observed that Dr. Cooper's conclusion that Plaintiff was disabled was inconsistent with both the medical record, including the doctor's own treatment notes, and Plaintiff's reported activities. (Tr. 27). The ALJ's evaluation of Dr. Cooper's opinion is supported by substantial evidence.

First, to the extent that Dr. Cooper opined that Plaintiff was disabled, such is entitled to no deference because the determination of disability is a matter left to the commissioner. *See* 20 C.F.R. § 404.1527(d)(1). The doctor's comment that Plaintiff would experience difficulty working full-time is not a medical opinion to which the ALJ must defer. *See* 20 C.F.R. § 404.1527(a)(2) (a medical opinion is defined as "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions"). Moreover, even if this statement is considered a "medical opinion," it is not inconsistent with the ALJ's decision. To the extent that Dr. Cooper opined that Plaintiff would be absent from work more than two days monthly, such enjoys no support in the record as the ALJ recognized. Finally, Dr. Cooper's statement that Plaintiff is able to "maintain gainful employment" albeit at a lower level of physical activity is likewise not inconsistent with the ALJ's decision. In sum, the ALJ's rationale for discounting Dr. Cooper's opinions is supported by substantial evidence.

Plaintiff further argues that the ALJ erred by failing to "make any effort to attempt to contact Dr. Cooper for clarification about his opinion." Plaintiff bears "the ultimate burden of producing sufficient evidence to show the existence of a disability." *Allison v. Apfel*, 2000 WL 1276950 at *5 (6th Cir., Aug. 30, 2000) (citations omitted). As the relevant Social Security regulations make clear, it is the claimant's responsibility to provide the evidence necessary to evaluate his claim for benefits. *See* 20 C.F.R. §§ 404.1512 and 404.1514. Moreover, as the Supreme Court has observed, "[i]t is not unreasonable to require the claimant, who is in a better position to provide information about his own medical condition, to do so." *Yuckert*, 482 U.S. at 146 n.5.

Only under "special circumstances, i.e., when a claimant is without counsel, is not capable of presenting an effective case, *and* is unfamiliar with hearing procedures, does an ALJ have a special, heightened duty to develop the record." *Trandafir v. Commissioner of Social Security*, 58 Fed. Appx. 113, 115 (6th Cir., Jan. 31, 2003) (emphasis added) (citations omitted); *Nabours v. Commissioner of Social Security*, 50 Fed. Appx. 272, 275 (6th Cir., Nov. 4, 2002) (citations omitted). Plaintiff was represented at the administrative hearing and there is no evidence that his counsel was incapable of advocating Plaintiff's position or was unfamiliar with the relevant hearing procedures. The opinion in question was procured by Plaintiff's counsel. If counsel believed that clarification of Dr. Cooper's opinion was warranted, he should have contacted the doctor and requested such. The ALJ, however, did not err by failing to do so.

Furthermore, the ALJ is not required to supplement the record with additional evidence unless the record as it then exists is insufficient to assess Plaintiff's residual functional capacity or otherwise resolve his claims. *See, e.g., Lamb v. Barnhart*, 85 Fed. Appx. 52, 57 (10th Cir., Dec. 11, 2003); *Ruby v. Colvin*, 2014 WL 5782930 at *13 (S.D. Ohio, Nov. 6, 2014); *Haney v. Astrue*, 2010 WL 3859778 at *3 (E.D. Okla., Sept. 15, 2010); *Brown v. Commissioner of Social Security*, 709 F.Supp.2d 248, 257 (S.D.N.Y. 2010); *Allison*, 2000 WL 1276950 at *5. The record in this matter was sufficient to resolve Plaintiff's claim for benefits.

Finally, Plaintiff argues that the ALJ "failed to balance the factors" identified in 20 C.F.R. § 404.1527. The Court is not persuaded. If the ALJ affords less than controlling weight to a treating physician's opinion, the ALJ must still determine the weight to be afforded such. *Gayheart*, 710 F.3d at 376. In doing so, the ALJ must consider the following factors: (1) length of the treatment relationship and frequency of the examination, (2) nature and extent of the treatment

relationship, (3) supportability of the opinion, (4) consistency of the opinion with the record as a whole, (5) the specialization of the treating source, and (6) other relevant factors. *Id.* (citing 20 C.F.R. § 404.1527). While the ALJ is not required to explicitly discuss each of these factors, the record must nevertheless reflect that the ALJ considered those factors relevant to his assessment. *See, e.g., Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007); *Undheim v. Barnhart*, 214 Fed. Appx. 448, 450 (5th Cir., Jan. 19, 2007). The ALJ's discussion of the evidence and assessment of Dr. Cooper's opinion demonstrates that the ALJ complied with this requirement. In sum, the ALJ's assessment and evaluation of Dr. Cooper's opinions is supported by substantial evidence.

B.     Thomas Lilley

On May 18-19, 2006, Plaintiff participated in a functional capacity evaluation conducted by occupational therapist Thomas Lilley. (Tr. 316-22). Mr. Lilley concluded that Plaintiff was "functioning between the sedentary and sedentary-light work level" and could not perform repetitive activities with his right upper extremity. (Tr. 322). The ALJ afforded "little weight" to Lilley's opinions. (Tr. 27). The ALJ first noted that Lilley "seemed to uncritically accept as true most, if not all, of what [Plaintiff] reported." (Tr. 27). The ALJ also observed that Mr. Lilley's opinions were inconsistent with Plaintiff's reported activities. (Tr. 27).

The requirement that an ALJ articulate "good reasons" for affording less than controlling weight to a care provider's opinion only applies to opinions rendered by acceptable medical sources. *See, e.g., Smith v. Commissioner of Social Security*, 482 F.3d 873, 876 (6th Cir. 2007). An occupational therapist, however, is not considered an acceptable medical source. *See* 20

relationship, (3) supportability of the opinion, (4) consistency of the opinion with the record as a whole, (5) the specialization of the treating source, and (6) other relevant factors. *Id.* (citing 20 C.F.R. § 404.1527). While the ALJ is not required to explicitly discuss each of these factors, the record must nevertheless reflect that the ALJ considered those factors relevant to his assessment. *See, e.g., Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007); *Undheim v. Barnhart*, 214 Fed. Appx. 448, 450 (5th Cir., Jan. 19, 2007). The ALJ's discussion of the evidence and assessment of Dr. Cooper's opinion demonstrates that the ALJ complied with this requirement. In sum, the ALJ's assessment and evaluation of Dr. Cooper's opinions is supported by substantial evidence.

B.     Thomas Lilley

On May 18-19, 2006, Plaintiff participated in a functional capacity evaluation conducted by occupational therapist Thomas Lilley. (Tr. 316-22). Mr. Lilley concluded that Plaintiff was "functioning between the sedentary and sedentary-light work level" and could not perform repetitive activities with his right upper extremity. (Tr. 322). The ALJ afforded "little weight" to Lilley's opinions. (Tr. 27). The ALJ first noted that Lilley "seemed to uncritically accept as true most, if not all, of what [Plaintiff] reported." (Tr. 27). The ALJ also observed that Mr. Lilley's opinions were inconsistent with Plaintiff's reported activities. (Tr. 27).

The requirement that an ALJ articulate "good reasons" for affording less than controlling weight to a care provider's opinion only applies to opinions rendered by acceptable medical sources. *See, e.g., Smith v. Commissioner of Social Security*, 482 F.3d 873, 876 (6th Cir. 2007). An occupational therapist, however, is not considered an acceptable medical source. *See* 20

C.F.R. §§ 404.1502; 404.1513(a); *LaRiccia v. Commissioner of Social Security*, 549 Fed. Appx. 377, 385 (6th Cir., Dec. 13, 2013).

Nevertheless, occupational therapists and other unacceptable medical sources, are permitted to offer statements regarding "the severity of [a claimant's] impairment(s) and how [such] affects [his] ability to work." *See, e.g.*, 20 C.F.R. §§ 404.1513(d); 416.913(d). While such statements can never be afforded controlling weight, the ALJ must evaluate such by reference to the factors identified above. *See, e.g., Gayheart*, 710 F.3d at 378 ("[t]he factors set forth in 20 C.F.R. § 404.1527...represent basic principles that apply to the consideration of all opinions from medical sources...who have seen the individual in their professional capacity").

The ALJ evaluated Mr. Lilley's opinions pursuant to this standard and his rationale for discounting such is supported by substantial evidence. A review of Lilley's assessment reveals that the majority of the limitations and observations reported by Lilley were premised on Plaintiff's subjective assessment of pain and/or limitation. Having determined that Plaintiff was not entirely credible, a determination which Plaintiff has not challenged, the ALJ discounted Lilley's conclusions. Moreover, Lilley's opinions are inconsistent with the medical record. Thus, this argument is rejected.

## II.  Plaintiff is Not Entitled to a Sentence Six Remand

On April 10, 2013, Dr. Cooper authored a second letter regarding Plaintiff's impairments and limitations. (Tr. 336). The doctor stated that "[d]uring the time period in 2004 the time when [Plaintiff] had his shoulder surgery he was completely disabled for a period of 12

months." (Tr. 336). The doctor further stated, "[f]rom 2005-2008 the combination of all the diagnoses led him to not meet that definition for gainful employment." (Tr. 336).

This letter, not authored until after the ALJ rendered his decision, was first presented to the Appeals Council. The Appeals Council received the evidence into the record and considered it before declining to review the ALJ's determination. This Court, however, is precluded from considering such evidence. In *Cline v. Commissioner of Social Security*, 96 F.3d 146 (6th Cir. 1996), the Sixth Circuit indicated that where the Appeals Council considers new evidence that was not before the ALJ, but nonetheless declines to review the ALJ's determination, the district court cannot consider such evidence when adjudicating the claimant's appeal of the ALJ's determination. *Id.* at 148; *see also*, *Bass v. McMahon*, 499 F.3d 506, 512-13 (6th Cir. 2007).

If Plaintiff can demonstrate, however, that this evidence is new and material, and that good cause existed for not presenting it to the ALJ, the Court can remand the case for further proceedings during which this new evidence can be considered. *Cline*, 96 F.3d at 148. To satisfy the materiality requirement, Plaintiff must show that there exists a reasonable probability that the Commissioner would have reached a different result if presented with the new evidence. *Sizemore v. Secretary of Health and Human Serv's*, 865 F.2d 709, 711 (6th Cir. 1988). Plaintiff bears the burden of making these showings. *See Hollon ex rel. Hollon v. Commissioner of Social Security*, 447 F.3d 477, 483 (6th Cir. 2006).

Plaintiff has failed to demonstrate good cause for his failure to procure the evidence in question prior to the decision by the ALJ denying his claim for benefits. *See Hollon*, 447 F.3d at 483 (to satisfy the "good cause" requirement, Plaintiff must demonstrate "a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ").

Moreover, even if Plaintiff could demonstrate good cause, the result would be the same as this evidence does not satisfy the materiality standard. In his second letter, Dr. Cooper does nothing more than reiterate his opinion that Plaintiff was disabled. As previously noted, however, the doctor's opinion on this question is of no significance as the determination of disability is a matter reserved to the Commissioner. Thus, it is not reasonable to assert that consideration of this letter by the ALJ would have resulted in a different outcome. Accordingly, the Court is precluded from considering this evidence and, furthermore, there exists no basis for remanding this matter for its further consideration.

## **CONCLUSION**

For the reasons stated herein, the undersigned recommends that the Commissioner's decision be **affirmed**. The undersigned further recommends that appeal of this matter would not be taken in good faith. *See Smith v. Commissioner of Social Security*, 1999 WL 1336109 at *2 (6th Cir., Dec. 20, 1999); *Leal v. Commissioner of Social Security*, 2015 WL 731311 at *2 (N.D. Ohio, Feb. 19, 2015); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: December 16, 2015                                /s/ Ellen S. Carmody
                                                                    ELLEN S. CARMODY
                                                                    United States Magistrate Judge